IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for SILVERTON BANK, N.A.,** | |
| **Plaintiff,** | |
| v. | 1:12-cv-4286-WSD |
| **PETER KIM,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment [13].

**I.   BACKGROUND**

   A.   Procedural History

On December 11, 2012, Plaintiff Federal Deposit Insurance Corporation ("Plaintiff"), as the receiver for Silverton Bank, N.A. ("Silverton") filed this action on a promissory note executed by Defendant Peter Kim ("Defendant") in favor of Silverton. On April 3, 2013, Plaintiff filed its Motion for Summary Judgment seeking judgment in its favor in the amount of (i) $546,482.69 in unpaid principal, (ii) $40,238.60 in interest accrued through April 3, 2013, (iii) $800 in late fees,

(iv) $88,008.19 in attorney's fees, and (v) $87.2854 per day since April 3, 2013, in interest.

    B.    Facts

On September 5, 2007, Defendant obtained a loan from Silverton in the amount of $750,000 (the "Loan"). (Pl.'s SUMF [13] ¶ 3.) In connection with the Loan, Defendant executed a promissory note in favor of Silverton in the amount of $750,000 (the "Note"), with a maturity date of September 5, 2012. (Id. ¶ 1.) Under the terms of the Note, Defendant was required to make monthly payments to Silverton, with the first payment due on October 5, 2007, and the last payment due on September 5, 2012. (Id. ¶ 4.)

On December 5, 2011, Defendant made his last monthly payment on the Note, and since that time, he has not paid any amount toward the Note. (Id. ¶¶ 5–6.) Under the terms of the Note, a "default" occurs when Defendant "fails to make any payment when due." (Id. ¶ 9.) Upon default, the holder of the Note may demand the entire amount due, may increase the interest rate by 3%, and may recover collection and attorney's fees in the amount of 15% of the Note's outstanding principal and interest balance. (Id. ¶¶ 10–12.)[1] Defendant is further

---

[1] In his Response to Plaintiff's SUMF, Defendant asserts that the Note provides for these default penalties only "if permitted by law." (See Def.'s Resp. SUMF

2

subject to a late fee of $100 for any payment made more than 15 days after its due date.  (Id. ¶ 13.)

On November 27, 2012, Plaintiff sent a letter (the "Demand Letter") to Defendant to notify him of his default and demanding full payment of all amounts due under the Note.  (Id. ¶ 7; Def.'s Resp. SUMF [15] ¶ 7.)  Although he received the Demand Letter, Defendant did not thereafter pay any of the amounts demanded.  (Pl.'s SUMF [13-2] ¶ 8.)

The outstanding principal balance on the Note is $546,482.69.  (Id. ¶ 14.)  On April 3, 2013, the outstanding interest balance was $40,238.60, and interest continues to accrue in the amount of $87.2854 per day.  (Id. ¶ 16.)  The outstanding late fees are $800.  (Id. ¶ 16.)[2]

---

[15] ¶¶ 11–12.)  Defendant does not assert that these penalties are not "permitted by law" in this case.

[2] In his Response to Plaintiff's SUMF, Defendant purports to dispute these amounts, asserting that he "reserves the right to demand strict proof of the Plaintiff's allegations as to the amounts allegedly owed."  (See Def.'s Resp. SUMF [15] ¶¶ 14–16.)  Under this Court's Local Rules, the Court "will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence . . . ; (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact . . . ."  LR 56.1(B)(2), NDGa.  Defendant does not cite any record evidence showing that the outstanding amounts of the Note are in dispute or that Plaintiff's cited evidence is inadmissible or does not support the asserted amounts.  The Court thus finds that the amounts due under the Note are not in dispute.

3

## II. DISCUSSION

### A. Legal Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  Non-moving parties "need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings." Id.

The Court must view all evidence in the light most favorable to the party

opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)). "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.   Analysis

The undisputed evidence establishes that Defendant executed the Note in favor of Plaintiff's predecessor-in-interest Silverton Bank.[3] Defendant defaulted under the terms of the Note by failing to make payments due. The total amount

---

[3] The Court notes that the record submitted by Plaintiff does not contain any evidence showing that Plaintiff is Silverton Bank's successor-in-interest or that Plaintiff is the current holder of the Note. Although this evidentiary deficiency would normally deprive Plaintiff of the right to summary judgment, the Court notes that Plaintiff's standing in this matter has not been disputed by Plaintiff, and Plaintiff conceded, in his own Statement of Additional Material Facts, that Plaintiff became the receiver for Silverton in May 2009. The Court thus accepts that Defendant's liability under the Note is owed to Plaintiff .

owed to Plaintiff by Defendant under the Note is (i) $546,482.69 in unpaid principal, (ii) $40,238.60 in interest accrued through April 3, 2013, (iii) $800 in late fees, and (iv) $87.2854 per day since April 3, 2013, in interest.[4]  Under the terms of the Note, Plaintiff is entitled to collection and attorney's fees in the amount of 15% of the Note's outstanding principal and interest balance.  As of April 3, 2013, the collection and attorney's fees amounted to $88,008.19.[5]  Viewing the evidence in the light most favorable to Defendant, Plaintiff is entitled to summary judgment in the amount of $675,529.48 plus $87.2854 per day from April 4, 2013 until the date judgment is entered in this matter.  See Beazley v. Ga. R.R. Bank & Trust Co., 241 S.E.2d 39, 39–40 (Ga. Ct. App. 1977).

---

[4] In his opposition to the Motion for Summary Judgment, Defendant argues that Plaintiff's evidence establishing the amounts due—the declaration of Plaintiff's loan servicer—is not sufficient because the declaration does not include detailed calculations.  As discussed above, Plaintiff failed to properly dispute the amounts in his response to Plaintiff's SUMF, and the amounts are deemed undisputed.  Even the Court considered Plaintiff's argument, however, the Court would find the amounts established because the declaration relies on admissible business records and is not disputed by any evidence showing that the declaration's calculations are not correct.  See RADC/CADC Venture 2010-2, LLC v. Hunt Valley Props., LLC, No. 1:10-cv-3395-RWS, 2012 WL 2921793, at *7 (N.D. Ga. July 17, 2012) (explaining that lender's employee's affidavit, stating amount due under note based on review of underlying business records, is admissible and sufficient to shift burden to defendant to present affirmative evidence that the amount stated is incorrect).

[5] Plaintiff seeks only this amount and not collection and attorney's fees based on interest accrued after April 3, 2013.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [13] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant in the amount of $675,529.48 plus $87.2854 per day from April 4, 2013, through the date of the entry of judgment.

**SO ORDERED** this 22nd day of November, 2013.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE